UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
- - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

              Plaintiff,

    v.

JOSHUA FORD,

              Defendant.

_____/

No. 1:22-cr-00029-RJJ

Hon. ROBERT J. JONKER
U.S. District Judge

## PLEA AGREEMENT

This constitutes the plea agreement between JOSHUA FORD and the United States Attorney's Office for the Western District of Michigan. The terms of the agreement are as follows:

1.     <u>Defendant Agrees to Plead Guilty</u>. Defendant agrees to plead guilty to a Class A Misdemeanor Information. The Information charges Defendant with conspiracy to introduce misbranded prescription drugs into interstate commerce, in violation of Title 18, United States Code, Section 371 and Title 21, United States Code, Sections 331(a), 353(b)(1), and 333(a)(1).

2.     <u>Plea to Information</u>. Defendant acknowledges that he is pleading guilty to a misdemeanor offense and is thus not entitled to presentment of his case to a grand jury. Instead, Defendant agrees to plead guilty to the Information, charging him with conspiracy to introduce misbranded prescription drugs into interstate commerce, in violation of Title 18, United States Code, Section 371 and Title 21, United States Code, Sections 331(a), 353(b)(1), and 333(a)(1).

3.  <u>Defendant Understands the Crime</u>.  In order for Defendant to be guilty of violating Title 18, United States Code, Section 371, the following must be true:

- Defendant agreed with one or more persons to commit the crime of introducing misbranded prescription drugs into interstate commerce;

- Defendant knowingly and voluntarily joined the conspiracy; and

- A member of the conspiracy committed an overt act in furtherance of the conspiracy.

Likewise, in order for Defendant to be guilty of violating Title 21, United States Code, Sections 331(a), 353(b)(1), and 333(a)(1), the following must be true:

- Defendant introduced into interstate commerce a food, drug, device, tobacco product, or cosmetic;

- The food, drug, device, tobacco product, or cosmetic introduced by Defendant was adulterated or misbranded; and

- A prescription drug is misbranded if it is dispensed without a written prescription of a practitioner licensed by law to administer such drugs.

Defendant is pleading guilty because Defendant is guilty of the charge described above.

4.  <u>Defendant Understands the Penalty</u>.  The statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 371 and Title 21, United States Code, Sections 331(a), 353(b)(1), and 333(a)(1) is:  1 year of imprisonment; a 1-year period of supervised release; a fine of $100,000; and a mandatory special assessment of $25. Defendant agrees to pay the special assessment at or before the time of sentencing unless Defendant affirmatively demonstrates to the Court that Defendant lacks the ability to pay.

5. <u>Supervised Release Defined</u>. Supervised release is a period of time following imprisonment during which Defendant will be subject to various restrictions and requirements. Defendant understands that if he violates one or more of the conditions of any supervised release imposed, he may be returned to prison for all or part of the term of supervised release, which could result in the Defendant serving a total term of imprisonment greater than the statutory maximum stated above.

6. <u>Factual Basis of Guilt</u>. Defendant and the U.S. Attorney's Office agree and stipulate to the following statement of facts which need not be proven at the time of the plea or sentencing:

In early 2020, Defendant was ordering prescription medications on a website – www.ExpressPCT.com. During the time Defendant was a customer of the site, in approximately February 2020, someone from the site contacted Defendant on Discord and asked Defendant if he wanted to make money receiving international packages and then sending them to others. The packages contained prescription drugs manufactured overseas by companies not approved to distribute them in the United States. Once manufactured, the drugs were shipped into the United States illegally and without requiring the customer to provide a prescription. The drugs redistributed as part of the scheme were primarily used for bodybuilding purposes.

Defendant initially agreed to participate in the scheme and subsequently received packages of prescription drugs from overseas locations. Defendant then repackaged the drugs inside United States Postal Service shipping boxes and mailers

and sent them to other co-conspirators throughout the United States, including Taylor McLaughlin in Muskegon, Michigan. In exchange for his participation in the scheme, Defendant received payment in the form of Bitcoin.

During his participation in the scheme, Defendant received approximately four international packages containing misbranded prescription drugs. In each case, he then sent these same drugs to other co-conspirators via interstate commerce. Defendant never saw a prescription for any of the drugs that he reshipped in this manner.

Defendant participated in this scheme for approximately one month in 2020. He then decided to stop his involvement with the website and reshipping packages because he knew what he was doing was illegal.

7. <u>Dismissal of Other Counts/Charges</u>. The U.S. Attorney's Office agrees to move to dismiss the underlying Indictment against Defendant at the time of sentencing. Defendant agrees, however, that in determining the sentence the Court may consider the underlying Indictment in determining the applicable Sentencing Guidelines range, where the sentence should fall within the applicable Guidelines range, and the propriety of any departure from the calculated Guidelines range. By this agreement, Defendant does not concede that an increased sentence or an upward departure is, in fact, warranted.

8. <u>Acceptance of Responsibility</u>. The U.S. Attorney's Office agrees not to oppose Defendant's request for a two-level reduction of his offense level for acceptance of responsibility under Section 3E1.1(a) of the Sentencing Guidelines. However, the

U.S. Attorney's Office reserves the right to object to Defendant's request if it subsequently learns of conduct by Defendant that is inconsistent with the criteria set forth in the Commentary to Section 3E1.1. Should the Court grant a two-level reduction as provided herein, the Government will move the Court to grant an additional one-level reduction if the adjusted offense level is 16 or greater pursuant to Section 3E1.1(b).

9. <u>Non-Prosecution Agreement</u>. The U.S. Attorney's Office for the Western District of Michigan agrees not to bring additional criminal charges against Defendant in the Western District of Michigan arising out of the investigation into the illegal smuggling of misbranded prescription drugs into the United States through the websites www.ExpressPCT.com and/or www.ExpressPEDS.ws, provided that the conduct is disclosed to the United States by Defendant or his attorney prior to the date of this agreement. Defendant shall remain subject to prosecution for any criminal activity he has failed to disclose to the Government prior to the date of the agreement. This promise of non-prosecution shall not include crimes of violence, if any, or criminal tax violations (including conspiracy to commit such violations chargeable under 18 U.S.C. § 371).

10. <u>Prison Placement</u>. The U.S. Attorney's Office will not object to a request by Defendant that the Court recommend that Defendant be confined at any particular institution. Both parties acknowledge that the Bureau of Prisons, in its sole discretion, decides prison placement and that, while the Bureau often gives deference

to a Court's recommendation, the Bureau is not required to follow the Court's recommendation.

11. <u>The Sentencing Guidelines</u>. Defendant understands that, although the United States Sentencing Guidelines (the "Guidelines") are not mandatory, the Court must consult the Guidelines and take them into account when sentencing Defendant. Defendant understands that the Court, with the aid of the presentence report, will determine the facts and calculations relevant to sentencing. Defendant understands that Defendant and Defendant's attorney will have the opportunity to review the presentence report and to make objections, suggestions, and recommendations concerning the calculation of the Guideline range and the sentence to be imposed. Defendant further understands that the Court shall make the final determination of the Guideline range that applies in this case, and may impose a sentence within, above, or below the Guideline range, subject to the statutory maximum penalties described elsewhere in this Agreement. Defendant further understands that disagreement with the Guideline range or sentence shall not constitute a basis for withdrawal of the plea.

12. <u>Guideline Agreements</u>. Defendant and the U.S. Attorney's Office agree and stipulate that Defendant's offense involved fraud and that the Guidelines in this matter will include loss/gain as calculated under U.S.S.G. § 2B1.1. However, the parties reserve the right to argue about the amount of loss/gain attributable to the offense of conviction at the time of sentencing. Defendant and the U.S. Attorney's

Office each further reserve the right to argue that additional specific offense characteristics, adjustments, and departures are appropriate.

a. <u>Stipulations Regarding Criminal History</u>. There is no agreement as to the Defendant's criminal history or criminal history category.

b. <u>No Further Agreement About the Final Sentencing Guidelines Range</u>. Defendant and the U.S. Attorney's Office have no agreement as to the applicable Sentencing Guidelines factors or the appropriate Guideline range. Both parties reserve the right to seek any sentence within the statutory maximum, and to argue for any criminal history category and score, offense level, specific offense characteristics, adjustments and departures.

c. <u>Stipulations Not Binding in Court</u>. The Defendant understands that neither the United States Probation Office nor the Court is bound by any stipulation in this agreement, and that the Court, with the aid of the presentence report, will determine the facts and calculations relevant to sentencing. Both the Defendant and the U.S. Attorney's Office are free to supplement the facts stipulated to in this agreement by supplying relevant information to the United States Probation Office and the Court, and to correct any and all factual misstatements relating to the calculation of the sentence. Defendant understands that if the Court finds facts or reaches conclusions different from those in any stipulation contained in this agreement, Defendant cannot, for that reason alone, withdraw his guilty plea.

13. <u>Waiver of Constitutional Rights</u>. By pleading guilty, Defendant gives up the right to persist in a plea of not guilty and the right to a speedy and public trial by jury or by the Court. As a result of Defendant's guilty pleas, there will be no trial. At any trial, whether by jury or by the Court, Defendant would have had the following rights:

a. The right to the assistance of counsel, including, if Defendant could not afford an attorney, the right to have the Court appoint an attorney to represent Defendant.

b. The right to be presumed innocent and to have the burden of proof placed on the Government to prove Defendant guilty beyond a reasonable doubt.

c. The right to confront and cross-examine witnesses against Defendant.

d. The right, if Defendant wished, to testify on Defendant's own behalf and present evidence in opposition to the charges, including the right to call witnesses and to subpoena those witnesses to testify.

e. The right not to be compelled to testify, and, if Defendant chose not to testify or present evidence, to have that choice not be used against Defendant.

f. By pleading guilty, Defendant also gives up any and all rights to pursue in this Court or on appeal any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

14. <u>Waiver of Other Rights</u>.

a. <u>Waiver</u>. In exchange for the promises made by the government in entering this plea agreement, including permitting Defendant to plead guilty to a misdemeanor rather than a felony offense, Defendant waives all rights to appeal or collaterally attack Defendant's conviction, sentence, or any other matter relating to this prosecution, except as listed below.

b. <u>Exceptions</u>. Defendant may appeal or seek collateral relief to raise a claim, if otherwise permitted by law in such a proceeding, on the following grounds:

i. Defendant's sentence on any count of conviction exceeded the statutory maximum for that count;

ii. Defendant's sentence was based on an unconstitutional factor, such as race, religion, national origin, or gender;

iii. Defendant's sentence is above the Sentencing Guidelines range as determined by the court at sentencing and is unreasonable;

iv. the guilty plea was involuntary or unknowing;

v. an attorney who represented Defendant during the course of this criminal case provided ineffective assistance of counsel.

If Defendant appeals or seeks collateral relief, Defendant may not present any issue in the proceeding other than those described in this subparagraph.

15. <u>FOIA Requests.</u> Defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency

9

of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

16.     Hyde Waiver. Defendant acknowledges, by his voluntary admission of guilt, that the position of the U.S. Attorney's Office in this case is not vexatious, frivolous, or in bad faith, and Defendant hereby disclaims and waives any right to make any claim for attorney fees.

17.     The Court is not a Party to this Agreement. Defendant understands that the Court is not a party to this agreement and is under no obligation to accept any recommendation by the U.S. Attorney's Office or the parties regarding the sentence to be imposed. Defendant further understands that, even if the Court ignores such a recommendation or imposes any sentence up to the maximum established by statute, Defendant cannot, for that reason, withdraw his guilty pleas, and he will remain bound to fulfill all of his obligations under this agreement. Defendant understands that no one—not the prosecutor, Defendant's attorney, or the Court—can make a binding prediction or promise regarding the sentence Defendant will receive, except that it will be within the statutory maximum.

18.     This Agreement is Limited to the Parties. This agreement is limited to the U.S. Attorney's Office for the Western District of Michigan, and cannot bind any other federal, state or local prosecuting, administrative or regulatory authority. This agreement applies only to crimes committed by Defendant. This agreement does not apply to or preclude any past, present, or future forfeiture or civil actions.

19. <u>Consequences of Breach</u>. If Defendant breaches any provision of this agreement, including any promise of cooperation, whether before or after sentencing, the United States shall have the right to terminate this agreement, or deny any or all benefits to which Defendant would otherwise be entitled under the terms of this agreement. In the event that the United States elects to terminate this agreement, the agreement shall be considered null and void, and the parties shall return to the same position they were in prior to the execution of this agreement, as though no agreement ever existed. In such an event, Defendant shall remain liable for prosecution on all original charges, and the United States shall be free to bring such additional charges as the law and facts warrant. Defendant further agrees to waive and forever give up his right to raise any claim that such a prosecution is time-barred if the prosecution is brought within one (1) year of the breach that gives rise to the termination of this agreement.

20. <u>This is the Complete Agreement</u>. This agreement has been entered into by both sides freely, knowingly, and voluntarily, and it incorporates the complete understanding between the parties. No other promises have been made, nor may any additional agreements, understandings or conditions be entered into unless in a writing signed by all parties or on the record in open court.

21.  <u>Deadline for Acceptance of Agreement</u>.  If a copy of this agreement, executed by Defendant and defense counsel, is not returned to the U.S. Attorney's Office by **3/8/2023**, this agreement will be withdrawn automatically and will thereafter have no legal effect or force, unless the U.S. Attorney's Office, in its sole discretion, chooses to accept an executed agreement after that date.

MARK A. TOTTEN
United States Attorney

_3/9/23_
Date

STEPHANIE M. CAROWAN
Assistant United States Attorney

I have read this agreement and carefully discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. My attorney has advised me of my rights, of possible defenses, of the sentencing provisions, and of the consequences of entering into this agreement. No promises or inducements have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

_3/8/2023_
Date

JOSHUA FORD
Defendant

I am JOSHUA FORD's attorney. I have carefully discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible defenses, of the sentencing provisions, and of the consequences of entering into this agreement. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

_3/8/23_
Date

GERALD GLEESON
Attorney for Defendant

12